UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 04-10286-PBS |
|  | ) |  |
| v. | ) | VIOLATIONS: |
|  | ) | 18 U.S.C. § 1344 (Bank Fraud) |
|  | ) | 18 U.S.C. § 1014 (False Statements) |
| MICHAEL W. ALCOTT, | ) | 18 U.S.C. § 982 (Forfeiture) |
| Defendant | ) |  |
|  | ) |  |

**JOINT STATUS REPORT**
**CONCERNING LOCAL RULE 116.5(A)**

The parties file this status report in connection with the status conference of the above-captioned matter scheduled for January 7, 2005:

1. At this time, the United States does not seek relief from the otherwise applicable timing requirements imposed by L.R. 116.3.

2. The United States is not aware of any request by the defendant for discovery concerning expert witnesses under Fed. Crim. P. 16(a)(1)(E). The United States has no present intention of calling any expert witnesses in its case in chief. The United States will promptly inform the defendant if its intentions change in this regard.

3. The United States does not anticipate providing additional information related to a witness' criminal record. The United States does not anticipate providing additional discovery as a result of the receipt of information, documents, reports of examinations or tests other than making available information obtained from computers that were in the possession of South Shore Savings Bank. Such information is currently available for review. Also, to the extent witnesses provide additional documents during the course of trial preparation, any additional documents provided to counsel for the United States will be shared with opposing counsel promptly.

4. The United States does not request a motion date to be set under Fed. R. Crim. P. 12(c), and is unaware of that the defendant seeks such a date.

5. For purposes of the Speedy Trial Act, this court has already excluded the time following the defendant's initial appearance (October 14, 2004) to the date of the initial status conference (December 6, 2004) and again from the date of the initial

status conference (December 6, 2004) to the date of the further status conference (January 7, 2005). The government requests the court exclude in the interests of justice the period of time between the January 7, 2005 status conference and the final status conference.

6. It is too early to determine whether plea negotiations will resolve this case. Should this matter proceed to trial, the government anticipates that it would need three trial days to present its case in chief.

7. United States seeks a final status conference for March 8, 2005. Should defendant believe an interim status conference is appropriate, with a final status conference to be scheduled later, the United States will assent to the defendant's request, so long as the time period between conferences is excluded under the Speedy Trial Act.

|  |  |
|---|---|
| | Respectfully submitted, |
| MICHAEL W. ALCOTT | MICHAEL J. SULLIVAN |
| Defendant | United States Attorney |
| | /s/ Jack W. Pirozzolo |
| | Jack W. Pirozzolo |
| /s/ Peter Muse (JWP) | Assistant U.S. Attorney |
| Peter Muse | U.S. Attorney's Office |
| Muse & Muse | U.S. Courthouse, Suite 9200 |
| 15 Foster Street | 1 Courthouse Way |
| Quincy, MA 02169 | Boston, MA 02210 |
| Counsel for Michael W. Alcott | |

Date: January 4, 2005

## CERTIFICATE OF SERVICE

I, Jack W. Pirozzolo, hereby certify that on January 4, 2005, I served a copy of the foregoing motion, via electronic mail filing and U.S. Mail, on counsel for the defendant.

/s/ Jack W. Pirozzolo
Jack W. Pirozzolo