COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                                CIVIL ACTION NO.:

JOHN DOE,                          )
                                   )
       Plaintiff,                  )
                                   )
v.                                 )            COMPLAINT AND
                                   )            JURY TRIAL
THE SOCIETY OF JESUS               )
OF NEW ENGLAND,                    )
BOSTON COLLEGE                     )
HIGH SCHOOL                        )
AND JAMES TALBOT,                  )
       Defendants,                 )
                                   )

## PARTIES

1. The plaintiff John Doe is an individual residing in The County of Plymouth, Commonwealth of Massachusetts.

2. The Defendant The Society of Jesus New England (hereinafter Society of Jesus) is a Massachusetts Corporation with principal offices at 771 Harrison Avenue, Boston, County of Suffolk, Commonwealth of Massachusetts.

3. The Defendant Boston College High School is a Massachusetts corporation with principal offices at 150 William T. Morrisey Blvd., Dorchester, County of Suffolk, Commonwealth of Massachusetts.

4. The Defendant James Talbot is an individual residing at The Campion Renewel Center, 319 Concord Road, Weston, County of Norfolk, Commonwealth of Massachusetts.

failing to protect the plaintiff from the harmful acts of Talbot at a time when it knew or should have known of his inappropriate sexual behaviors with minors.

12. As a direct and proximate result of the Defendant Society of Jesus negligence, The Plaintiff suffered severe psychological damages, permanent physical damages, emotional distress and other injuries.

WHEREFORE, the plaintiff John Doe demands judgment against the Defendant Society of Jesus, jointly and severally with all defendants herein in an amount which the finder of facts deems, just plus costs and interest thereon.

## COUNT TWO
## NEGLIGENCE
## JOHN DOE V. BOSTON COLLEGE HIGH SCHOOL

13. The plaintiff repeats and realleges paragraphs 1-12 above as if set forth herein.

14. The defendant Boston College High School owed a duty of care to the plaintiff under the circumstances existing in 1976 to protect him from the foreseeable acts of Defendant Talbot.

15. The defendant Boston College High School breached its duty to the plaintiff by failing to protect him from the foreseeable acts of Talbot even though it knew or should have known of Talbot's inappropriate sexual behavior with minors before the plaintiff was sexually molested by Talbot.

16. As a direct result of the defendant's breach of its duty, the plaintiff suffered severe psychological injuries and emotional distress as well as other significant damages including economic loss.

WHEREFORE, the plaintiff prays that the finder of fact render an amount to him which is fair and just, jointly and severally with all defendants herein, plus costs and interest thereon.

COUNT THREE
JOHN DOE V. JAMES TALBOT
RAPE/ASSAULT AND BATTERY

17. The Plaintiff repeats and realleges paragraphs 1-16 as if set forth herein.

18. The Defendant Talbot forcibly raped the Plaintiff committing an unpermitted touching the Plaintiff without his consent.

19. As a direct and proximate result, the Plaintiff suffered severe psychological injuries and other damages.

WHEREFORE, the plaintiff John Doe demands judgment against the Defendant James Talbot, in an amount the finder of fact deems just plus costs and interest thereon.

THE PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully Submitted
The Plaintiff
By His Attorney

_/s/ Jeffrey A. Newman_
Jeffrey A. Newman
Newman & Ponsetto
One Story Terrace
Marblehead, Ma. 01945
617-723-3355
781-639-8677
March 19 2002

## FACTS COMMON TO ALL COUNTS

5. Between 1972-1980, the Defendant Talbot was a teacher and soccer coach at Boston College High School in Dorchester Massachusetts and was also a Jesuit priest employed by The Defendant Society of Jesus.

6. In September of 1976, the Plaintiff was a student at Boston College High School.

7. In September 1976, The Defendant Talbot, while alone with the Plaintiff in the locker room at Boston College High School, forcibly performed oral copulation upon the plaintiff, against his will and without consent. At the time, the plaintiff was fifteen years of age and legally a minor.

8. Before 1976, Talbot had engaged in inappropriate sexual behavior with male students at Boston College High School, to the knowledge of his superiors within the Society of Jesus and to the knowledge of the administration of Boston College High School.

## COUNT ONE
## NEGLIGENCE
## JOHN DOE V. THE SOCIETY OF JESUS

9. The plaintiff repeats and realleges paragraphs 1-8 above as if set forth herein.

10. The Defendant Society of Jesus owed a duty of care to the Plaintiff, under the circumstances existing in 1976, to protect the Plaintiff from foreseeable acts of harm by it's employee James Talbot.

11. The Defendant Society of Jesus breached its duty of care to the Plaintiff by

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| John Doe | The Society of Jesusa of New England, boston college High School and James |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) Talbot |
|---|---|
| Jeffrey A. Newman 370450 James Ponsetto 556144, Newman & Ponsetto One Story Terrace, Marblehead, MA 01945 Board of Bar Overseers number: | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| b04 | Other Nelgligence | (X) | ( ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $ ........
2. Total Doctor expenses .................................................. $ ........
3. Total chiropractic expenses ............................................. $ ........
4. Total physical therapy expenses ........................................ $ ........
5. Total other expenses (describe) ........ (psychotherapy) .................. $ $20,000
   Subtotal $ ........
B. Documented lost wages and compensation to date .......................... $ ........
C. Documented property damages to date ..................................... $ ........
D. Reasonably anticipated future medical and hospital expenses ..psychotherapy........ $ $250,000
E. Reasonably anticipated lost wages ........................................ $ ........
F. Other documented items of damages (describe) .
   $ $ ........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

The then minor plaintiff wss repeatedly sexually assaulted by Father James Talbot, a Catholic Priest. As a direct result, the Plaintiff was greatly harmed and has symptoms of depression and post traumatic syndrome.

$ ........

**TOTAL $ $270,000**

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Jeffrey A. Newman_  DATE: 3/19/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000