Exhibit A

Examiner

Name
Approved

D

# The Commonwealth of Massachusetts

William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## ARTICLES OF ORGANIZATION
(General Laws, Chapter 156B)

### ARTICLE I
The exact name of the corporation is:

ARK Associates, Inc.

### ARTICLE II
The purpose of the corporation is to engage in the following business activities:

1. To engage in and carry on the general business of permanent and temporary employment placement and staffing and to render all services incidental and ancillary thereto;

2. To engage in and carry on the particular business of permanent placement and temporary staffing within the accounting, finance and financial services and business industry with professional and office staff and to render all employment services incidental and ancillary thereto;

3. To do any and all things necessary and proper to carry on any business whatsoever that this corporation may deem proper or convenient in connection with any of the foregoing purposes or otherwise, or that it may deem calculated, directly or indirectly, to improve the interests of this corporation, and to do all things specified in M.G.L. Chapter 156B as amended, and to have and to exercise all powers conferred by the laws of the Commonwealth of Massachusetts on corporations formed under the laws pursuant to which and under which this corporation is formed, as such laws are now in effect or may at any time hereafter be amended, and to do any and all things hereinabove set forth to the same extent and as fully as natural persons might or could do, either alone or in connection with other persons, firms associates, or corporation and in any part of the world.

C
P
M
R A



P C

Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on one side only of separate 8 1/2 x 11 sheets of paper with a left margin of at least 1 inch. Additions to more than one article may be made on a single sheet so long as each article requiring each addition is clearly indicated.

## ARTICLE III

State the total number of shares and par value, if any, of each class of stock which the corporation is authorized to issue.

| WITHOUT PAR VALUE | | WITH PAR VALUE | | |
|---|---|---|---|---|
| TYPE | NUMBER OF SHARES | TYPE | NUMBER OF SHARES | PAR VALUE |
| Common | 200,000 | Common | | |
| Preferred: | | Preferred: | | |

## ARTICLE IV

If more than one class of stock is authorized, state a distinguishing designation for each class. Prior to the issuance of any shares of a class, if shares of another class are outstanding, the corporation must provide a description of the preferences, voting powers, qualifications, and special or relative rights or privileges of that class and of each other class of which shares are outstanding and of each series then established within any class

None

## ARTICLE V

The restrictions, if any, imposed by the Articles of Organization upon the transfer of shares of stock of any class are:

See Continuation Sheet 5A

## ARTICLE VI

**Other lawful provisions, if any, for the conduct and regulation of the business and affairs of the corporation, for its voluntary dissolution, or for limiting, defining, or regulating the powers of the corporation, or of its directors or stockholders, or of any class of stockholders

See Continuation Sheet 6A

*If there are no provisions state: None
Note: The preceding six (6) articles are considered to be permanent and may ONLY be changed by filing appropriate Articles of Amendment.

## ARTICLES OF ORGANIZATION - Continuation Sheet - 5A

The stock of the corporation shall be transferable, so as to affect the rights of the corporation, only by transfer recorded on the books of the corporation, in person or by duly authorized attorney, and upon the surrender of the certificate or certificates properly endorsed or assigned.

Any stockholder, including the heirs, assigns, executors or administrators of a deceased stockholder, desiring to sell or transfer such stock owned by him or them, shall first offer it to the corporation through the Board of Directors, in the manner following:

He/She shall notify the Directors of his/her desire to sell or transfer by notice in writing, which notice shall contain the price at which he/she is willing to sell or transfer and name of one arbitrator. The Directors shall, within thirty days thereafter, either accept the offer, or by notice to him/her in writing, name a second arbitrator, and these two shall name a third. It shall then be the duty of the arbitrators to ascertain the value of the stock, and if any arbitrator shall neglect or refuse to appear at any meeting appointed by the arbitrators, a majority may act in the absence of such arbitrator.

After the acceptance of the offer, or the report of the arbitrators as to the value of the stock, the said Directors shall have thirty days within which to purchase the same at such valuation, but if at the expiration of thirty days the corporation shall not have exercised the right so to purchase, the owner of the stock shall be at liberty to dispose of the same at a price equal to or greater than such valuation.

No shares of stock shall be sold or transferred on the books of the corporation until these provisions have been complied with, but the Board of Directors may in any particular instance waive the requirement.

## ARTICLES OF ORGANIZATION - Continuation Sheet - 6A

The Board of Directors of the corporation may make, amend, or repeal the By-Laws of the corporation, in whole or in part, except with respect to any provision thereof which, by law, the Articles of Organization, or the By-Laws, require action exclusively by the stockholders entitled to vote thereon; but any By-Law adopted by the Board of Directors may be amended or repealed by the stockholders.

All meetings of stockholders of the corporation may be held within the Commonwealth of Massachusetts or elsewhere within the United States  The place of such meetings shall be fixed in, or determined in the manner provided in, the By Laws,

The corporation may be a member or partner (general or limited) in any business enterprise which it would have the power to conduct by itself.

The by-laws may provide that the directors may make, amend or repeal the by-laws, in whole or in part, except with respect to any provision thereof which by law, the articles of organization or the by-laws requires action by the stockholders

Except as specifically authorized by statute, no stockholder shall have any right to examine any property or any books, accounts or other writings of the corporation if there is reasonable ground for belief that such examination will for any reason be adverse to the interests of the corporation, and a vote of the directors refusing permission to make such examination would be adverse to the interests of the corporation shall be prima facie evidence that such examination would be adverse to the interests of the corporation.  Every such examination shall be subject to such reasonable regulations as the directors may establish in regard thereto

The corporation may enter into contracts and otherwise transact business as vendor, purchaser or otherwise with its directors, officers and stockholders and with corporations, joint stock companies, trusts, firms and associations in which they are or may be or become interested as directors, officers, shareholders, members, trustees, beneficiaries or otherwise as freely as though such adverse interest did not exist even though the vote, action or presence of such director, officer or stockholder may be necessary to obligate the corporation upon such contract or transaction; and no such contract or transaction shall be avoided and no such director, officer or stockholder shall be held liable to account to the corporation or to any creditor or stockholder of the corporation for any profit or benefit realized by him or her through any such contract or transaction by reason of such adverse interest nor by reason of any fiduciary relationship of such director, officer or stockholder to the corporation arising out of such office or stock ownership; provided (in the case of directors and officers but not in the case of any stockholder who is not a director or officer of the corporation) the nature of the interest of such director or officer, though not necessarily the details or extent thereof, be known by or disclosed to the directors  Ownership of or beneficial interest in a minority of the stock or securities of another corporation, joint stock company, trust, firm or association shall not be deemed to constitute an interest adverse to the corporation in such other corporation, joint stock company, trust, firm or association and need not be disclosed  A general notice that a director or officer of the corporation is interested in any corporation, joint stock company, trust, firm or association shall be sufficient disclosure as to such director or officer with respect to all contracts and

2

**6B**

transactions with that corporation, joint stock company, trust, firm or association. In any event the authorization or ratifying vote of a majority of the capital stock of the corporation outstanding and entitled to vote passed at a meeting duly called and held for the purpose shall validate any such contract or transaction as against all stockholders of the corporation, whether of record or not at the time of such vote, and as against all creditors and other claimants of or against the corporation, and no contract or transaction shall be avoided by reason of any provision of this paragraph which would be valid but for these provisions

No director of the corporation shall be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director notwithstanding any provision of law imposing such liability, provided, however, that this provision shall not eliminate the liability of a director, to the extent that such liability is imposed by applicable law, (i) for any breach of the director's duty of loyalty to the corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 61 (relating to directors, officers and certain shareholders) of the Massachusetts Business Corporation Law or (iv) for any transaction from which the director derived an improper personal benefit. If the Massachusetts Business Corporation Law is hereafter amended to authorize corporate action further than the liability of the directors, then the liability of the director of the corporation shall be eliminated or limited to the fullest extent permitted by the Massachusetts Business Corporation Law, as so amended from time to time. No amendment or repeal of this paragraph shall adversely affect any of the rights or protection afforded to a director of the corporation for or with respect to any acts or omissions of such director occurring prior to such amendment or repeal.

The terms and conditions upon which a sale or exchange of all the property and assets, including the good will of the corporation, or any part thereof, is voted may include the payment therefor in whole or in part in shares, notes, bonds or other certificates of interest or indebtedness of any voluntary association, trust, joint stock company, limited liability company or corporation. Such vote or a subsequent vote may in the event of or in contemplation of proceedings for the dissolution of the corporation also provide, subject to the rights of creditors, for the distribution pro rata among the stockholders of the corporation, of the proceeds of any such sale or exchange whether such proceeds be in cash or in securities as aforesaid (at values to be determined by the directors).

The corporation shall, to the extent legally permissible, indemnify any person serving or who has served (a) as a director or officer of the corporation, or (b) at the request of the corporation as a director, officer, employee or other agent of another organization or (c) at the request of the corporation in any capacity with respect to any employee benefit plan ((a), (b) and (c) are each hereinafter referred to as an "Indemnified Person"), against all liabilities and expenses (including, without limitation, amounts paid in satisfaction of judgments, in compromise or settlement or as fines and penalties, and counsel fees) imposed upon or reasonably incurred by him in connection with the defense or disposition of any action, suit or other proceeding or investigation (internal or external), which he may be threatened, while serving or thereafter, by reason of his being or having been such a director, officer, employee or agent, or serving or having served in any capacity with respect to any such employee benefit plan

3

6C
No indemnification shall be provided for any person with respect to any matter as to which he shall have been adjudicated in any proceeding not to have acted in good faith in the reasonable belief that his action was in the best interest of the corporation or to the extent that such matter relates to service with respect to any employee benefit plan, in the best interests of the participants of beneficiaries of such employee benefit plan

Indemnification, furthermore, shall not cover liabilities or expenses in connection with any matter which shall be disposed of through a compromise or settlement payment, pursuant to a consent decree or otherwise, unless (a) such indemnification shall be ordered by a court; (b) such compromise shall be approved as in the best interest of the corporation or to the extent that such matter relates to service with respect to any employee benefit plan, in the best interests of the participants or beneficiaries of such indemnification, (i) by a majority of the directors then in office, exclusive of any interested director or directors; or (ii) by the holders of a majority of the outstanding shares of stock at the time having the right to vote for directors, exclusive of any stock owned by an interested director or officer; or (c) the corporation shall have received a written opinion of independent legal counsel to the effect that the person seeking indemnity appears to have acted in good faith in the reasonable belief that his action was in the best interests of the corporation or of the participants or beneficiaries of such employee benefit plan, as applicable

Expenses including counsel fees, incurred by any Indemnified Person, in connection with the defense or disposition of any such action, suit or other proceeding or investigation, may be paid from time to time by the corporation in advance of the final disposition thereof, upon receipt of an undertaking by the Indemnified Person to repay the amounts so paid to the corporation if he shall be adjudicated to be not entitled to indemnification under this Article

The right of indemnification under this Article shall be deemed to be a contract between each Indemnified Person and the corporation  Such right of indemnification shall not be exclusive of or affect any other right to which any such Indemnified Person may be entitled.  Nothing contained in this article shall affect any right to indemnification to which corporate personnel, other than Indemnified Persons, may be entitled by contract or otherwise under law.

As used in this Article, Indemnified Persons shall include their respective heirs, executors, administrators and other legal representatives; and an "interested" director or officer is one against whom as such the proceeding or investigation in question or another proceeding or investigation on the same or similar grounds is then pending  If in any action, suit or other proceeding or investigation, a director of the corporation is held not liable for monetary damages because that director is relieved of personal liability under this Article 6 of the articles of organization or otherwise, the director shall be deemed to have met the standards of conduct set forth above and to be entitled to indemnification as provided above

This Article may be amended or repealed only by the affirmative vote of the stockholders; provided that no such amendment or repeal shall adversely affect any right to indemnification for any act or omission of any Indemnified Person which occurred or allegedly occurred prior to the effective date of such amendment or repeal

### ARTICLE VII
The effective date of organization of the corporation shall be the date approved and filed by the Secretary of the Commonwealth. If a *later* effective date is desired, specify such date which shall not be more than thirty days after the date of filing.

February 15, 1999

### ARTICLE VIII
The information contained in Article VIII is *not a permanent* part of the Articles of Organization.

a. The street address of the principal office of the corporation *in Massachusetts* is: (post office boxes are not acceptable)

83 Cedar Street, Quincy, Massachusetts 02170

b. The name, residential address and post office address of the directors and officers of the corporation are as follows:

| | NAME | RESIDENTIAL ADDRESS | POST OFFICE ADDRESS |
|---|---|---|---|
| President: | Michael W. Alcott | 83 Cedar Street Quincy, MA 02170 | Same |
| Treasurer: | Michael W. Alcott | 83 Cedar Street Quincy, MA 02170 | Same |
| Clerk: | Mary P. Alcott | 83 Cedar Street Quincy, MA 02170 | Same |
| Directors: | Michael W. Alcott | 83 Cedar Street Quincy, MA 02170 | Same |
| | Mary P. Alcott | 83 Cedar Street Quincy, MA 02170 | Same |

c. The fiscal year (i.e., tax year) of the corporation shall end on the last day of the month of:   December

d. The name and *business* address of the *resident agent* of the corporation, if any, is:   None

### ARTICLE IX
By-laws of the corporation have been duly adopted and the president, treasurer, clerk and directors whose names are set forth above, have been duly elected.

IN WITNESS WHEREOF AND UNDER THE PAINS AND PENALTIES OF PERJURY, I/we, whose signature(s) appear below as incorporator(s) and whose name(s) and business or residential address(es) *are clearly typed or printed* beneath each signature, do hereby associate with the intention of forming this corporation under the provisions of General Laws, Chapter 156B and do hereby sign these Articles of Organization as incorporator(s) this ___10th___ day of ___February___, 19__99__.

*/s/ Michael W. Alcott*

Michael W. Alcott

*Note: If an existing corporation is acting as incorporator, type in the exact name of the corporation, the state or other jurisdiction where it was incorporated, the name of the person signing on behalf of said corporation and the title he/she holds or other authority by which such action is taken.*

638162

# THE COMMONWEALTH OF MASSACHUSETTS

## ARTICLES OF ORGANIZATION
(General Laws, Chapter 156B)

I hereby certify that, upon examination of these Articles of Organization, duly submitted to me, it appears that the provisions of the General Laws relative to the organization of corporations have been complied with, and I hereby approve said articles; and the filing fee in the amount of $ 200 having been paid, said articles are deemed to have been filed with me this 11th day of February 19 99.

Effective date: February 15, 1999

99 FEB 11 AM 11:19

**WILLIAM FRANCIS GALVIN**
*Secretary of the Commonwealth*

FILING FEE: One tenth of one percent of the total authorized capital stock, but not less than $200.00. For the purpose of filing, shares of stock with a par value less than $1.00, or no par stock, shall be deemed to have a par value of $1.00 per share.

### TO BE FILLED IN BY CORPORATION
Photocopy of document to be sent to:

Carl R. Johnson III, Esquire
Ten McGrath Highway
Quincy, MA 02169
Telephone: (617) 471-0600

A TRUE COPY ATTEST
WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH
DATE 10/8/99  CLERK

# UNANIMOUS WRITTEN CONSENT OF
# THE SHAREHOLDERS OF
# ARK ASSOCIATES, INC.

The undersigned, being all of the shareholders of ARK Associates, Inc., a Massachusetts corporation (the "Corporation"), acting pursuant to Section 43 of the Massachusetts Business Corporation Law, do hereby consent to, approve and adopt the following resolutions.

VOTED:  That the following persons be, and they hereby are elected directors of the Corporation to serve until the next annual meeting of the shareholders or until the election and qualification of their successors

> Michael Alcott
> Mary P. Alcott
> Kenneth Daley

FURTHER
VOTED:  That the Articles of Organization of this Corporation be amended and restated by

(a) amending Article III thereof to state that the Corporation is authorized to issue 100,000 shares of common stock, no par value and 100,000 shares of Preferred Stock, $.01 par value per share,

(b) amending Article IV thereof by creating a new class of Preferred Stock hereby designated as the "Class A Convertible Preferred Stock" with the preferences, voting powers, qualifications, and special relative rights or privileges set forth in Exhibit A attached hereto; and

(c) amending Article V thereof by deleting the provisions thereof in their entirety;

FURTHER
VOTED:  That the actions of the directors of this Corporation from the date of its organization through the date hereof be, and they hereby are, ratified, confirmed and approved with the same validity and effect as if such acts and proceedings had been specifically approved prior to their performance

Date: October 28, 1999

_____
Michael Alcott

_____
Mary P. Alcott

c:\alcott\writcon.wpd