IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA     :

v.                            :

MICHAEL W. ALCOTT             :        Case No. 04-CR-10286-PBS

                              :

## MOTION OF MICHAEL W. ALCOTT FOR DISCLOSURE OF "BRADY" MATERIAL

Now Comes the accused, Michael W. Alcott, Pro se, in accordance with the decision in **Brady v. Maryland**, 373 U.S. 83(1963), moves this honorable Court for the entry of an order directing the United States to furnish the accused with the exculpatory email described below.

From the start of this case the defendant insisted to his Defense Counsel that he sent an email to Dr. S--- ending his Attempted Extortion. After recent review of the affadavit of FBI Special Agent Scott Robbins, it is apparent that this email has been witheld from the defense. It is glaring by its ommission, that every email that Mr. Alcott sent to Dr. S---, except the one that is favorable to the defense, is documented in this affadavit. The email was sent, as were all others, from pe343@hotmail.com to kstorum@sbcglobal.net. It was sent between 2/16/05 and 3/22/05. The email says something like "Forget the money, I will not ever bother you again, have a nice life".

Agent Robbins affadavit leads the reader to believe that all emails between the two parties are included. Yet, they are not. Clearly, this email shows Mr. Alcott's intent to end the Attempted Extortion before the authorities ever became incolved. The knowledge of this

email would clearly have been important at the time of Mr. Alcott's sentencing.

A Brady claim is based entirely on the fact that the prosecution witheld exculpatory evidence from the defendant. see **Hitchison v. Bell,** 303 F 3d 720,471(6 Cir 2002)("suppression of exculpatory or favorable evidence by the state that results in an inability to raise claims relating to that evidence in state court establishes cause for the ensuing default"). In **Brady v. Maryland,** the Supreme Court held that the prosecution has a Constitutional obligation under the Due Process Clause of the Fourteenth Amendment to disclose exculpatory evidence that is material to either guilt or sentencing.

WHEREFORE, based on the forgoing, the defendant prays that the Court grant this motion to support his motion under 28 U.S.C. 2255 currently filed with this Court.

Respectfully submitted,

*/s/ M W Alcott*

Michael W. Alcott, Pro se

25301-038
USP Canaan
P.O. Box 300
Waymart, PA 18472