# ATTACHMENT A



U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

July 13, 2005

**VIA Facsimile**
Kevin Barron, Esq.
453 Washington Street
Boston, MA 02111
Fax: 617-517-7711

FILED
In Open Court
USDC, Mass.
Date 7-20-05
By ___
Deputy Clerk

Re: <u>Michael W. Alcott</u>
    Criminal No. 04-10286-PBS

Dear Mr. Barron:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Michael W. Alcott("Defendant"), in the above-captioned case. The Agreement is as follows:

   1.  <u>Change of Plea</u>

   At the earliest practicable date, but in no event later than July 20, 2005, Defendant shall plead guilty to all counts in which he is named in attached Superseding Information to be filed in the above-captioned matter. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts One through Four of the Superseding Information, and is in fact guilty of those offenses.

   2.  <u>Penalties</u>

   Defendant faces the following maximum penalties on each Count of the Superseding Information:

        Count One, 18 U.S.C. § 1344:

        a.  Imprisonment of not more than 30 years;

  b. Fine of not more than $1,000,000 or twice the gross gain to the Defendant or gross loss to the victim;
  c. Restitution and/or Forfeiture;
  d. Special Assessment of $100;
  e. Supervised Release of 5 years.

Counts Two and Three, 18 U.S.C. § 1014:

  a. Imprisonment of not more than 30 years;
  b. Fine of not more than $1,000,000 or twice the gross gain to the Defendant or gross loss to the victim;
  c. Restitution and/or Forfeiture;
  d. Special Assessment of $100;
  e. Supervised Release of 5 years.

Count Four, 18 U.S.C. § 1952:

  a. Imprisonment of not more than 5 years;
  b. Fine of not more than $250,000;
  c. Restitution and/or Forfeiture;
  d. Special Assessment of $100;
  e. Supervised Release of 5 years.

Penalty Enhancement, 18 U.S.C. § 3147:

A consecutive term of imprisonment of not more than ten years because Count Four occurred while on pretrial release.

3. <u>Sentencing Guidelines</u>

  The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines ("U.S.S.G.", "Guidelines" or "Sentencing Guidelines") promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

  The parties will take the following positions at sentencing with respect to the application of the Guidelines:

2

As to Counts One, Two and Three:

(a) The parties stipulate and agree that the base offense level is 6, pursuant to U.S.S.G. § 2B1.1(a).

(b) The parties stipulate and agree that the loss attributed to the Defendant's criminal conduct is between $1,000,000 and $2,500,000. See U.S.S.G. § 2B1.1(b)(1)(I). The Defendant specifically admits that the loss caused by the conduct set forth in the Information is $2.1 million.

(c) The parties stipulate and agree that the Defendant derived more than $1,000,000 in gross receipts from a financial institution, as set forth in U.S.S.G. § 2B1.1(b)(12)(A). The Defendant specifically admits that he derived no less than $2.4 million in gross receipts from a financial institution.

(d) The parties stipulate and agree that the Defendant obstructed or impeded the administration of justice, as set forth in U.S.S.G. § 3C1.1.

(e) The parties stipulate and agree that Counts One, Two and Three shall be grouped in accordance with U.S.S.G. § 3D1.2(d).

As to Count Four:

(a) The parties stipulate and agree that the base offense level is 9, pursuant to U.S.S.G. §§ 2E1.2(a)(2) & 2B3.3.

(b) The parties stipulate and agree that the amount demanded exceeded $120,000, pursuant to U.S.S.G. §§ 2B3.3(b)(1) & 2B1.1(b)(1)(F).

(c) The parties stipulate and agree that this offense was committed while on pretrial release, pursuant to U.S.S.G. § 2J1.7.

The parties each reserve the right to take a position as to which version of the Guidelines applies to the offense conduct. The Defendant reserves the right to argue that the application of any particular version of the Guidelines violates the ex post facto clause of the U.S. Constitution.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines, except under the conditions explicitly set forth below.

The sole basis for departure reserved by the Defendant is as follows:

A departure based upon a psychiatric condition of the Defendant.

Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

The U.S. Attorney reserves the right to oppose Defendant's departure argument and to seek an upward departure based upon any psychiatric information relating to the Defendant.

The U.S. Attorney reserves the right to seek an adjustment under § 3B1.4 for the defendant's attempted use of a person less than 18 years of age to commit the offenses set forth in the Superseding Information or, in the alternative, to have an upward departure based on his use of a minor to obstruct the investigation and prosecution of his crimes.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a)    Incarceration or other confinement within the Guidelines range as determined by the U.S. Attorney in section 3 above;

    (b)    Fine at the low end of the Guidelines range unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)    Restitution;

    (d)    Mandatory special assessment; and

    (e)    Supervised release.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.    <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing,

6

unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $2,000;

(2) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $1,000 per month; and

(3) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is

8

imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9.  Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

11. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by

9

him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13.  **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14.  **Complete Agreement**

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Jack W. Pirozzolo.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Diane C. Freniere
DIANE C. FRENIERE, Chief
White Collar Crime Section

/s/ Jack W. Pirozzolo
Jack W. Pirozzolo,
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Michael W. Alcott
Defendant

Date: 7/20/05

I certify that Defendant's Name has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Kevin L. Barron, Esq.
Attorney for Defendant

Date: 7/20/05

11