# ATTACHMENT D

Case 1:04-cr-10286-PBS    Document 91-6    Filed 03/07/2008    Page 1 of 3

Case 1:04-cr-10286-PBS   Document 91-6   Filed 03/07/2008   Page 2 of 3
Case 1:04-cr-10286-PBS   Document 83   Filed 03/02/2007   Page 1 of 2

MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-1756

UNITED STATES,

Appellee,

v.

MICHAEL W. ALCOTT,

Defendant, Appellant.

Before

Lipez, *Circuit Judge*,
Stahl, *Senior Circuit Judge*,
Howard, *Circuit Judge*.

JUDGMENT

Entered: February 9, 2007

    The government's motion for summary disposition is *allowed*, and the judgment of the district court is *affirmed*. See 1st Cir. R. 27.0(c). Through his plea agreement, defendant has waived his right to appeal his sentence on the two grounds advanced here. We see no indication that the district court actually desired to depart downward but considered itself powerless to do so. As the court explained, any desire it might "otherwise" have had was dispelled by defendant's conduct during his pre-trial release. Sent. Tr. at 35-36. "I'm balancing the various acts in not downwardly departing because I don't view this as overstating the criminal history, actually, given the serial nature of what's happened here." *Id.* at 61.

    Enforcing the waiver would not result in a miscarriage of justice. Although we need not make a definitive ruling here, defendant's admitted manner of violating the Travel Act--making extortionate threats to reputation--seems to us indistinguishable from generic extortion, a "crime of violence" listed by name in

U.S.S.G. §4B1.2(a)(2).  "[T]he wording of the guideline tells us unequivocally that the Sentencing Commission believed that extortion, <u>by its nature</u>, should be classified as a crime of violence." <u>United States</u> v. <u>DeLuca</u>, 17 F.3d 6, 8 (1st Cir. 1994); <u>cf.</u> <u>United States</u> v. <u>Winter</u>, 22 F.3d 15, 18-21 (1st Cir. 1994) (no admission or jury finding of conduct that can be equated with an enumerated "crime of violence").  In light of defendant's admissions, <u>Shepard</u> v. <u>United States</u>, 544 U.S. 13 (2005), is simply inapposite.

<u>Affirmed</u>.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*[signature]*

Deputy Clerk

Date: MAR 0 2 2007

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____
        Chief Deputy Clerk.

[cc: Messrs: Barron, Pirozzolo and Ms. Chaitowitz]