UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  Plaintiff-Respondent )<br> )<br> )<br>v. )<br> )<br> )<br>MICHAEL W. ALCOTT )<br>  Defendant-Petitioner )<br> ) | CIVIL NO. 08-10198-PBS<br>CRIMINAL NO. 04-10286-PBS |

MICHAEL W. ALCOTT'S REBUTTAL TO
UNITED STATES' RESPONSE TO
MICHAEL W. ALCOTT'S PETITION UNDER
28 U.S.C. § 2255

Michael Alcott submits this rebuttal to the response of the United States under 28 U.S.C. § 2255.

### Relevant Facts and Procedural History

Mr. Alcott offers this short summary of the relevant facts but otherwise avers to his "Petitioner's Brief".

Mr. Alcott signed a plea agreement negotiated by his then Attorney, Kevin L. Barron, on July 20, 2005, Alcott then plead guilty at a Rule 11 hearing that same day. Alcott was sentenced by this Court to 92 months incarceration on 3/31/06. Alcott was sentenced as a Career Offender even though this was never addressed in the Plea Agreement. Alcott appealed this sentence and the appeal was summararily dismissed as the Appeals Court ruled that Alcott had waived his right to appeal. Alcott now comes to This Court with his argument based strongly on Ineffective Assistance of Counsel, which was never raised before This Court or the Appeals Court.

## ARGUMENT

In its response the United States brings up several points that Mr. Alcott contends.

**A.**

Mr. Alcott finds it totally eggregous that the United States would assert that under **Strickland v. Washington,** 466 U.S. 668(1984), he can show no prejudice. Not only did Mr. Alcott suffer significantly during sentencing due to his Attorney's poor negotiating, acceptance of an unusually rigorous waiver, erratic decision making, ignorance of the "Brady" issue, etc, he continues to suffer today by being refused by the B.O.P. for Earned Good time for RDAP participation and no placement in a minnimum security facility due to his "Violence".

Mr. Alcott asserts that Attorney Barron's prejudicial behavior continues today in concert with the AUSA. The United States' response says(P. 13):

> "...to the extent that the Court is not inclined to rule on the ineffective assistance argument without addressing the allegations Alcott makes about his former counsel, the United States requests that the Court order that Alcott has waived both his Attorney-Client privilege as well as any Doctor/Patient privilege he may have. The United States will then submit an affadavit from Counsel addressing communications between Alcott and him regarding the Plea and Sentencing issues, including the criminal history and psychiatric issues."

Alcott is in an untennable position here as Attorney Barron has refused to communicate with the defendant, including ignoring several requests for copies of all communication between the Attorney-Client.

Yet, Attorney Barron has obviously been in communication with the AUSA. Mr. Alcott contends that it has never been his position to surrender his rights under one of the precious cannons of law, his Attorney-Client privilege. However, it appears that Attorney Barron and the AUSA have already violated this precious privilege, thus poisoning the well. This is a major impropriety and an obstruction of the Attorney-Client relationship. It appears that due to Barron's personal legal problems the AUSA has been able to exert undue pressure on him and thus Barron's actions of Ineffective Assistance of Counsel continue today. It is Alcott's contention that the Attorney-Client privilege did not end on the day of sentencing.

    The United States states that Mr. Alcott does not meet the requirements of **Strickland v. Washington,** 466 U.S. 668(1984). The United States says that Alcott has not shown that the result of the proceedings would have been different if not for the Ineffective Assistance of Counsel. Mr. Alcott plainly disagrees with this statement. The IAC issues that have been amassed could have, and should have, resulted in a vastly different sentence. The issues are numerous(poor negotiating, acceptance of an unusually rigorous waiver and then not properly understanding and/or explaining this waiver, erratic decision making especially in regards to collatteral attacks, complete ignorance of the "Brady" issue, leaving the client open to Career Offender sentencing, not pushing for the AUSA to honor his word of agreeing to no violence, improper contact with the AUSA,etc).

In short Mr. Alcott would like to point out that not only did he not knowingly plead out to a violent crime, but he never would have because Mr. Alcott feels that he is not, and never has been, a person of violence. This Court agreed with this several times at sentencing.

B.

Mr. Alcott contends that Attorney Barron never properly explained the plea agreements's waiver. Furthermore, he contends that Barron, to this day, does not understand the full breath of the waiver himself.

C.

Mr. Alcott's argument that his Travel Act violation should not be considered a violent crime was not decided on appeal. His appeal was summararily dismissed because of his waiver. Thus, this argument is preserved as new with This Court.

D.

Mr. Alcott sees no reason why his argument of Criminal History Points can't be argue under 28 U.S.C. § 2255, see **Mateo v. United States,** 398 F 3d, 126, 136(1 Cir 2005) and **Mercado v. United States,** 04-11653-PBS(1Cir 2005). Mr. Alcott has asked that this argument be Stayed and Abeyed while his previous conviction is fought in the State Court. The reason for filing this now was that his 1 year time limit to file a 2255 was due to expire.

**E.**

There was, and still is, a "Brady" violation. The missing email is not mentioned in any way, shape or form by the United States. The email is short and definitive. Until Mr. Alcott can look into this email he asks that this issue be Stayed and Abeyed. Furthermore, Mr. Alcott asks that The Court assign him an Attorney and/or funds for an Investigator in order to find the email.

This email was written with no knowledge of the F.B.I.'s involvement as it is pretty obvious that Alcott did not take Dr. Storums threat seriously. Mr. Alcott argues that the email was most certainly sent before the completion of the crime(there was no exchange of property and the threat of exposure was never carried out), and further argues that the crime was most certainly blackmail and not extortion.

Lastly, Alcott points out that it would be very simple for the United States and/or the F.BI. to supeona all email records of both parties during the dates mentioned(2/16/05-3/22/05).

## SUMMARY

As the Court knows, Mr. Alcott is handling these proceedings Pro se. This is not by choice, rather by necessity. Mr. Alcott has no funds at this time. Thus, Mr. Alcott apologizes for any lapses of procedure and/or case law and begs The Court's understanding.

## CONCLUSION

For the reasons set forth above, petitioner prays that his motion under 28 U.S.C. § 2255 be allowed.

Dated this 28th day of April, 2008 at Waseca, Minnesotta.

Respectfully submitted by

*/s/ M. W. Alcott*

Michael W. Alcott, pro se
25301-038
FCI-Waseca
P.O. Box 1731
Waseca, MN 56093

## CERTIFICATE OF SERVICE

Petitioner certifies that he has, this 28th day of April, 2008, caused a true copy this memorandum to be served on AUSA Jack Pirozzolo by U.S. Postal Service at United States Attorney's Office, 1 Courthouse Way, Boston, Ma 02210.

*/s/ M. W. Alcott*

Michael W. Alcott, pro se

6